## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:07-CV-00015-RJC-DCK

| | | |
|---|---|---|
| **PEGGY I. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner Social Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on the *pro se* Plaintiff's "Motion for Summary Judgment" (Document No. 16), filed October 15, 2007; Plaintiff's "Motion for Summary Judgment" (Document No. 19), filed November 5, 2007; and Defendant's "Motion for Summary Judgment" (Document No. 32) and "Memorandum in Support of the Commissioner's Decision" (Document No. 33), filed December 12, 2007. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned recommends that the Court **DENY** Plaintiff's Motions for Summary Judgment, **GRANT** Defendant's Motion for Summary Judgment, and **AFFIRM** the Commissioner's decision.

# I. PROCEDURAL HISTORY

On June 3, 2005, Plaintiff applied for a period of disability, Social Security disability insurance benefits, and Supplemental Security Income. (R. 12). Plaintiff alleged that she became disabled on November 30, 2002 as a result of a back injury sustained while lifting a box of batteries at work. (R. 13). The Social Security Administration denied Plaintiff's claim initially and then again on reconsideration. (R.12). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held July 5, 2006. Id. On July 18, 2006, pursuant to that hearing, the ALJ issued an opinion denying Plaintiff's claim. (R. 9).

Subsequently, Plaintiff filed a Request for Review of Hearing Decision. (R. 8). Plaintiff alleged that "[t]he hearing was conducted in an unfair manner because vital and complete presentation of testimony, evidence, and cross examination was denied. Hence, unfair treatment occurred because authority was not fairly exercised and accurate medical assessments were denied." Id. On November 15, 2006, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (R. 5-7).

Plaintiff filed this action on January 12, 2007, and the parties' cross-motions for summary judgment are now ripe for this Court's consideration.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined "substantial evidence" as

being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to November 30, 2002, the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] To determine the disability status of a claimant, the Commissioner has established a five-step sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (2008). The five-step process is as follows: (1) is the

---

[1] "Disability" is defined as "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2008).

claimant currently engaged in substantial gainful activity; (2) does the claimant have any severe impairment; (3) does the claimant have an impairment which meets or equals those contained in the listing of impairments; (4) does the claimant have any impairment which prevents the claimant from performing his or her past relevant work; and (5) does the claimant's impairment prevent the claimant from doing any and all other work. Id. Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). Id. at §§ 404.1520(e) and 416.920(e). In making this finding, the ALJ must consider all of the claimant's impairments, including non-severe impairments. Id. at §§ 404.1520(e), 404.1545, 416.920(e), and 416.945. The claimant bears the burden of proving disability through the first four steps. Hunter, 993 F.2d at 35. The burden then shifts to the Commissioner to prove step five. Id. In proving step five, the Commissioner must produce evidence that jobs exist in the national economy that the claimant can perform. Id.

The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from degenerative joint disease, depression, adjustment disorder, and dysthmia, all of which are "severe" impairments within the regulatory meaning. (R. 20). However, the ALJ determined that Plaintiff failed to establish that her de Quervains tenosynovitis, bunions, and fallen arches were severe impairments. (R. 14). Furthermore, the ALJ found that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff retains the RFC to perform "light"[2] and "sedentary"[3] work; that

---

[2] "Light" work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b) (2008). Even though the weight may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. Id.

[3] "Sedentary" work involves lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. 404.1567(a) (2008). Although "sedentary" may involve some walking, it would not require frequent bending, balancing or climbing ladders or

Plaintiff was a younger individual at the alleged onset of disability; that Plaintiff has a limited education and no transferable skills from past relevant work; that Plaintiff is not able to return to her past relevant work; but that, based upon her RFC, Plaintiff could perform work which exists in significant numbers in the national economy. (R. 20). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (R. 21).

In two separate Motions for Summary Judgment (Document No. 16) and (Document No. 19), Plaintiff requests that this Court reverse the Commissioner's decision denying her benefits. In reviewing the *pro se* Plaintiff's motions, the undersigned has viewed Plaintiff's arguments in the most favorable light. Courts traditionally hold pleadings by *pro se* parties "to less stringent standards than formal pleadings drafted by lawyers...." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Fourth Circuit also recognizes that "we must construe pro se complaints liberally." <u>Laber v. Harvey</u>, 438 F.3d 404 (4th Cir. 2006) citing <u>Hemphill v. Melton</u>, 551 F.2d 589, 590-91 (4th Cir. 1977). Therefore, the undersigned will interpret the Plaintiff's papers "to raise the strongest arguments that they suggest." <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2nd Cir. 1994).

Plaintiff's first "Motion for Summary Judgment" (Document No. 16) presents two main arguments: first, that there is evidence that either should have been considered by the ALJ and the Appeals Council and/or that should now be considered by this Court; and second, that there was some impropriety in the handling of the ALJ's hearing, most specifically involving the testimony of the vocational expert. Plaintiff's second "Motion for Summary Judgment" (Document No. 19) briefly asserts a violation of procedural due process.

---

scaffolds. <u>Id.</u> Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. <u>Id.</u>

Plaintiff's first argument, in her first motion for summary judgment, contends that certain documents were omitted, testimony was excluded from the record, and that a recording of the hearing is not authentic. (Document 16-3 at 4). Plaintiff, however, has failed to adequately support the contention that relevant evidence and testimony were excluded from the record. The Court notes that the transcript of the hearing has been certified as a full and accurate transcript. (R. 247).

Plaintiff also suggests that the Commissioner either did not accept relevant evidence into the record after the ALJ's hearing, thus requiring remand, and/or that the district court should consider the subsequent evidence. (Document No. 16-3 at 5). Generally, reviewing courts are restricted from considering additional evidence in "determining whether the [Commissioner's] decision is supported by substantial evidence." Wilkins v. Sec'y Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc) (quoting Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972)). Pursuant to sentence six of 42 U.S.C. 405(g), a reviewing court may only remand a case to the Commissioner for the consideration of additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. 405(g) ("sentence six remand").

The Commissioner must consider "new and material" evidence relating to the period on or before the date of the ALJ decision. Wilkins, 953 F.2d at 95; see also King v. Barnhart, 415 F. Supp. 2d. 607, 609 (E.D.N.C. 2005). The additional evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985), superseded by statute as stated in, Wilkins v. Sec'y Dep't of Health & Human Servs., 925 F.2d 769, 774 (4th Cir. 1991) (quoting Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983)). The additional evidence must be material in the sense that the Commissioner's decision "'might reasonably have been different had the new evidence been before

[him].'" Id. (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). Finally, Plaintiff must have a good-faith basis for not submitting her additional evidence when her claim was before the Commissioner. Id.

Plaintiff's additional evidence here consists of over fifty documents attached to her First Summary Judgment Motion. These documents include a form dated July 27, 2006, which relates to a period after the ALJ's decision. (Document No. 16-4, Exhibit A at 9). Additionally, Plaintiff includes letters from Dr. Hill-Erskine, dated August 31, 2006 (Document No. 16-4, Exhibit A at 10) and September 7, 2007 (Document No. 16-9, Exhibit F at 2), a letter from Dr. Carter dated October 12, 2007 (Document No. 16-9, Exhibit F at 4), and a form that Plaintiff completed documenting what she believed to be her limitations (Document No. 16-5, Exhibit B at 11). Except for the letter from Dr. Hill-Erskine dated September 7, 2007, Plaintiff has not demonstrated how the letters relate to the period on or before the ALJ's decision. See Wilkins, 953 F.2d at 95. Moreover, the letter from Dr. Hill-Erskine dated September 7, 2007, represents "merely cumulative" evidence because the record contains previous medical records from Dr. Hill-Erskine addressing the same physical conditions. See Conte v. McMahon, 472 F. Supp. 2d 39, 45 (D.Mass. 2007) (Medical records from the same treating sources addressing previously discussed physical conditions do not constitute new evidence). Furthermore, Plaintiff has not shown a good-faith reason why she could not have submitted such a letter when her claim was before the Commissioner. Even if she has good-faith reason for failing to previously submit this evidence, this Court doubts that the evidence "might have reasonably" changed the ALJ's decision. Borders, 777 F.2d at 955.

With respect to the remainder of the fifty or more documents submitted as additional evidence, Plaintiff has not demonstrated the relevance of any of this additional evidence. For example, Plaintiff presented evidence from 1996 (Document No. 16-9, Exhibit F at 8-9), which

relates to several years prior to her alleged onset date of disability. Plaintiff also presented evidence of a treatment note from a chiropractor, which is cumulative. (Document No. 16-9, Exhibit F at 11). Additionally, Plaintiff presented evidence of allergic reactions occurring after the ALJ's decision (Document No. 16-9, Exhibit F at 12-27), and a letter from her Congressman asking North Carolina's Attorney General to expedite her claim. (Document No. 16-4, Exhibit A at 11).[4] Plaintiff does not show good cause for not presenting this evidence to the ALJ. Further, this evidence does not meet the "materiality" requirement because it would not reasonably change the ALJ's decision. Therefore, this Court does not find that Plaintiff's additional evidence warrants a sentence six remand under 42 U.S.C. 405(g).

Next, Plaintiff's first motion for summary judgment challenges the ALJ's hearing, specifically, regarding the VE's testimony. To assist in his determination of whether work existed in significant numbers in the national economy that the Plaintiff could perform, the ALJ enlisted the assistance of a vocational expert ("VE"). VE testimony constitutes substantial evidence of a disability determination by an ALJ. See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989); Wilson v. Califano, 617 F.2d 1050 (4th Cir. 1980). In the present case, the ALJ properly posed a hypothetical based on Plaintiff's RFC to the VE. After considering the hypothetical, the VE opined that an individual with Plaintiff's vocational characteristics and RFC could perform certain light or sedentary jobs. (R. 239-40). Plaintiff however alleges numerous shortcomings in the ALJ's management of the hearing and VE testimony.

First, Plaintiff argues that the hypothetical posed to the VE by the ALJ did not take into account all of Plaintiff's combined physical and mental impairments. (Document No. 16-3 at 6-7).

---

[4] Plaintiff also presented evidence of medical visits after the period relevant to her disability determination. (Document No. 16-9, Exhibit F at 40). Furthermore, Plaintiff included some standard forms from the Social Security Administration. (Document No. 1-7, Exhibit D at 3-18).

Plaintiff contends that her "combined impairments and comparable functional capacity" do "not support a finding that she can perform light and sedentary work on a sustained basis." (Document No. 16-3 at 7). Although Plaintiff may disagree, the record indicates that the ALJ relied on substantial evidence, including mental and physical limitations, to conclude that Plaintiff had an RFC to perform light and sedentary work. (R. 18-20). The ALJ posed a hypothetical to the VE consistent with that finding and the VE testified that Plaintiff could perform jobs such as storage facility rental clerk, office worker, and library clerk. (R. 239-240).

Second, Plaintiff takes issue with the VE's credibility, because she contends the VE erred by testifying that Plaintiff would not have to reveal her medical problems to her employers. (Document No. 16-3 at 7). The transcript shows that the VE said that Plaintiff would "not necessarily" have to put her physical limitations on a job application, but should discuss those in an interview. (R. 245). Although the Court recognizes Plaintiff's concern, the record demonstrates that the VE's answers to Plaintiff's questions were reasonable. (R. 241-46). It is the undersigned's view that the VE was certainly credible, and that the ALJ reasonably relied on the VE's testimony.

Plaintiff also contends that the VE was unable to testify as to whether the suggested work environments would be able to accommodate her impairments and limitations. (Document No. 16-3 at 7). To the contrary, the VE answered Plaintiff's questions on this issue and testified that the jobs suggested would allow her to sit and/or stand, and to change position, and would likely be able to provide an ergonomically designed chair. (R. 242-245). Therefore the undersigned finds no merit to Plaintiff's claim that the VE was unable to testify as to whether work environments would be able to accommodate her.

Next, Plaintiff contends that she could not perform the jobs set forth by the VE because the expert testified that Plaintiff's skills would not transfer to light work. However, Plaintiff's high

school education renders her capable of performing semi-skilled and skilled work regardless of any transferable skills. Furthermore, the ALJ identified many unskilled jobs in his ultimate findings. (R. 19, 239-40). These findings render Plaintiff's contention regarding her transferable skills moot.

Plaintiff also argues that the ALJ's hypothetical to the vocational expert failed to account for her inability to work without absences. (Document No. 16-3 at 8). The undersigned finds no error on this basis. The ALJ's hypothetical thoroughly addressed her RFC; the fact that neither the ALJ nor the VE hypothesized about how many absences from work Plaintiff might have in the future does not diminish the weight of evidence relied on by the ALJ in making his determination. Objective medical evidence of record does not account for such a limitation as no physician opined that Plaintiff would miss a significant number workdays. The evidence of record does not support a finding that such absences would significantly affect Plaintiff's ability to maintain a job. Cf. Haynes v. Barnhart, 416 F.3d 621, 630-631 (7th Cir. 2005) (Substantial evidence supported the ALJ's finding, even though the ALJ rejected a physician's opinion that claimant would miss a significant number of workdays where evidence did not support the opinion).

Plaintiff also asserts that the VE's testimony is flawed because the VE testified that she had not seen a certain medical chart and would not answer questions regarding the chart. (Document No. 16-3 at 8). However, the Fourth Circuit defines VEs as "persons who have, through training and experience in vocational counseling or placement, an up-to-date knowledge of job requirements, occupational characteristics and work conditions, and a familiarity with the personal attributes and skills necessary to function in various jobs." Wilson, 617 F.2d at 1053. The ALJ attempted to clarify the VE's role for Plaintiff and directed Plaintiff to present the VE with questions concerning jobs. (R. 243). Based on the record, the VE testified that an individual with Plaintiff's limitations could perform work existing in significant numbers in the national economy. (R. 239-40).

Considering the VE's testimony and evidence of record, this Court finds that substantial evidence supports the ALJ's finding that work existed in significant numbers in the national economy which Plaintiff could perform.

Plaintiff further contends that "there was clearly a need for the presence of a competent 'medical' Vocational Expert," but offers no reasoning or support for that argument. (Document No. 16-3 at 8). As Defendant points out, the "[u]se of a medical advisor in appropriate cases is a matter left to the [Commissioner's] discretion; nothing in the Act or regulations requires it." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 5 (1st Cir. 1987). Thus, the ALJ acted within his discretion when choosing not to have a medical expert at the hearing. Moreover, the record contains extensive evidence and opinions from reviewing medical personnel not present at the hearing. Plaintiff argues that these opinions fail to demonstrate that the experts performed proper evaluations; nevertheless, these opinions can constitute substantial evidence when consistent with the record. Smith v. Schweiker, 795 F.2d at 345-46; Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). Therefore, Plaintiff's argument on this point is unpersuasive. The ALJ may call a medical expert, but ultimately the ALJ is responsible for determining disability. 20 C.F.R. §§ 404.1527(e)(2), 404.1527(f)(2)(iii), 416.927(e)(2), 416.927(f)(2)(iii).

Next, Plaintiff alleges that the ALJ abused his authority by restricting her cross-examination of the VE. Careful review of the hearing transcript does not support this claim. Apparently, at one point, the ALJ limited a question by the Plaintiff's sister to allow Plaintiff to finish her own questioning, and at another point, the ALJ directed the Plaintiff to ask the VE the type of questions to which she could respond; but nothing suggests that Plaintiff was restricted in a manner that was inappropriate or resulted in an unfair hearing. (R. 242-43). Both Plaintiff and her sister were

allowed to ask questions until they stated "I have no further questions" and "I have no more questions." (R. 243, 246).

Next, Plaintiff suggests that the ALJ made comments that revealed a predisposition and a "clearly unwarranted invasion of personal privacy." (Document No. 16-3 at 10). The undersigned finds no evidence of such bias in the ALJ's questioning. It appears there was legitimate reasoning for all of the ALJ's questions, and none of the questions amount to unwarranted invasions of privacy.

The Supreme Court recognizes a claimant's right to a hearing before an unbiased ALJ, and notes that courts must start from a presumption that administrative adjudicators are unbiased and that honesty and integrity exist among them. Schweiker v. McClure, 456 U.S. 188, 195 (1982). Despite Plaintiff's numerous allegations to the contrary, the undersigned finds no support for the argument that Plaintiff's hearing or the ALJ's resulting decision was in any way biased or unfair. "[T]he burden of establishing a disqualifying interest rests on the party making the assertion," and any alleged prejudice must be evident from the record and cannot be based on mere speculation or inference. Id. at 196. In the instant case, it appears to the undersigned that the ALJ conducted a fair and impartial hearing.

The undersigned also concludes there was substantial evidence to support the ALJ's conclusions regarding the Plaintiff's RFC and the availability of appropriate jobs. In deciding whether substantial evidence supports the ALJ's finding, this Court must determine whether the ALJ considered "such relevant evidence as a reasonable mind might accept as adequate to support" in reaching his conclusion regarding Plaintiff's RFC. Smith, 782 F.2d at 1179 (citations omitted).

In assessing the Plaintiff's RFC, it appears the ALJ "considered all symptoms and the extent to which the[] symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence . . . ." (R. 18). The ALJ also considered opinion evidence. Id. The

ALJ found that Plaintiff had responded to physical therapy and required only low doses of medication. Id. Furthermore, Plaintiff's medical records show that after an initial report of pain in November of 2002, she underwent physical therapy and experienced relief by May of 2003. (R. 147-50). In fact, Plaintiff reported that the physical therapy had helped "tremendously." (R. 150). After the physical therapy, Plaintiff did not seek treatment for two years. (R. 15).

The record indicates that on August 31, 2005, Plaintiff went to a medical clinic and complained that her symptoms had worsened. (R. 160). Dr. Cynthia R. Hill-Erskine treated Plaintiff during her visit. Id. Dr. Hill-Erskine prescribed ibuprofen for pain and Plaintiff reported that this helped. (R.163). Subsequently, Dr. Hill-Erskine recommended she continue stretching and strengthening exercises and use ibuprofen as needed. Id.

The ALJ further relied upon the fact that no treating physician imposed significant limitations or considered Plaintiff disabled. In fact, Plaintiff's treating physician found that she could still perform sedentary work after her back injury. (R. 148). In May of 2003, Plaintiff's physician put her on lifting and pushing restrictions for only two months. (R.150). As recently as 2005, a physician even recommended that Plaintiff be "as active as possible." (R. 183).

In the present case, state agency medical consultant Dr. Jill Nicholson opined that Plaintiff could perform light work with occasional climbing and stooping (R. 115-22). The ALJ agreed and limited Plaintiff to light or sedentary work with the ability to alternate positions, the need to avoid the use of leg controls, and avoid stooping and excessive stair climbing. (R. 17). In the end, the ALJ gave greater deference to Plaintiff's impairments by finding that she needed to avoid climbing ladders and scaffolds and avoid operating heavy equipment. Id.

The ALJ also properly considered Plaintiff's mental impairments. Although the ALJ did not include specific mental limitations in his RFC finding, he did find that Plaintiff exhibited mild

restrictions of daily living; moderate difficulties in social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no extended duration episodes of decompensation. (R. 17). This finding is consistent with professional evaluations of Plaintiff's mental condition in the record. Dr. R. Warren opined that Plaintiff had no restrictions of daily living, and only mild limitations in social function and in maintaining persistence and pace. (R. 134). Dr. Ken Carter diagnosed Plaintiff with depression, adjustment disorder, and dysthmia and assigned a global assessment of functioning ("GAF") score of fifty-five, indicating only moderate limitations. (R. 171-72).

The culmination of the evidence relied upon by the ALJ is "more than a scintilla and . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and thus is "substantial evidence." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986). Therefore, this Court finds that substantial evidence supports the ALJ's RFC finding that Plaintiff could perform light or sedentary work and that there are jobs in the national economy to which she is suited.

Finally, in her second "Motion for Summary Judgment" (Document No. 19), Plaintiff alleges that the Social Security Administration breached procedural due process because a "final decision" in her case was never entered; and therefore, this Court should grant Judgment against the Commissioner. (Document No. 19). This second motion for summary judgment is less than a page in length, conclusory in nature, and is not supported by a memorandum of law as it suggests.

Although it is true that this Court only reviews final decisions of the Commissioner regarding disability claims pursuant to 42 U.S.C. 405(g), the record in this case is clear - on November 15, 2006, the Appeals Council denied Plaintiff's request for review of the ALJ's decision and stated in its notice: "[t]his means the Administrative Law Judge's decision is the **final decision** of the

Commissioner of Social Security in your case. (R. 5) (emphasis added). Therefore, the ALJ's decision became the final decision of the Commissioner at that time. See 20 C.F.R. §§ 404.955, 404.981, 416.1455, 416.1481. Plaintiff's claim that the Social Security Administration never reached a final decision is simply inaccurate, and thus, the undersigned will recommend that Plaintiff's second "Motion for Summary Judgment" (Document No. 19) be denied.

Based on all of the foregoing, this Court concludes that substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled as defined for Social Security purposes, and the undersigned will recommend that his decision in this matter be affirmed.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (Document No. 16) and Plaintiff's "Motion for Summary Judgment" (Document No. 19) be **DENIED**; that Defendant's "Motion for Summary Judgment (Document No. 32) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**. The undersigned notes that there are other pending motions in this case that were not referred to the undersigned, but which under the circumstances, and in the discretion of the district judge, might be appropriately **DENIED AS MOOT**.

## V. NOTICE OF APPEAL OF RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v .Ridenhour, 889 F.2d 1363, 1365 (4thCir. 1989); United States v. Rice, 741 F. Supp.101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with

the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff; counsel for the Defendant; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED**.


Signed: May 16, 2008


David C. Keesler
United States Magistrate Judge