UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-15

| | |
|---|---|
| PEGGY J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the pro se plaintiff's Motion for Summary Judgment (Doc. No. 16), the plaintiff's Amendment to the Motion for Summary Judgment (Doc. No. 17), the plaintiff's second Motion for Summary Judgment (Doc. No. 19), the defendant's Motion for Summary Judgment (Doc. No. 32) and the defendant's Memorandum in Support of the Motion for Summary Judgment (Doc. No. 33). United States Magistrate Judge David C. Keesler entered a Memorandum and Recommendation ("M&R") (Doc. No. 34), recommending that the Court deny the plaintiff's Motions for Summary Judgment, grant the defendant's Motion for Summary Judgment, and thereby affirm the Commissioner's decision. The plaintiff filed timely objections to the M&R (Doc. Nos. 35, 36, 40), which are now before the Court. For the reasons that follow, the Court rejects the plaintiff's objections to the M&R and upholds the Commissioner's decision.

I.  BACKGROUND

On June 3, 2005, Peggy Johnson applied for a period of disability, Social Security disability insurance benefits, and Supplemental Security Income. Johnson alleged that she

1

became disabled on November 30, 2002, as a result of a back injury sustained while lifting a box of batteries at work. The Social Security Administration denied Johnson's claim initially and upon reconsideration. Johnson requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 5, 2006. On July 18, 2006, pursuant to the hearing, the ALJ issued an opinion denying Johnson's claims. After the ALJ issued the opinion, Johnson filed a Request for Review of the Hearing Decision, alleging that the hearing was conducted in an unfair manner. On November 15, 2006, the Appeals Council denied Johnson's request for review, making the hearing decision the final decision of the Commissioner. Johnson filed this action on January 12, 2007. (Doc. No. 34 at 2).

## II. DISCUSSION

### A. Standard of Review

A court may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(B). "[T]he magistrate judge shall file his proposed findings and recommendations . . . with the court . . . ." Id. § 636(b)(1)(C). A party may file specific, written objections to a magistrate judge's recommendations within ten days after being served with a copy of the recommended disposition. Id. § 636(b)(1); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1).

When reviewing an ALJ's decision of whether a claimant is disabled under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), a court is limited to reviewing: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standard. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) (explaining that a district court does not review a final decision of the Commissioner de novo). "Substantial evidence is defined as '. . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456; see Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972) (explaining that the court should uphold the Commissioner's decision even if the court disagrees with the decision as long as it is supported by substantial evidence).

### B. Plaintiff's Objections to the M&R

#### 1. Violation of Plaintiff's "Right" to a District Judge

As an initial matter, Johnson "objects" to this Court's referral of the Motions for Summary Judgment to the magistrate judge for a recommendation as to disposition. (Doc. Nos. 35 at 1-2; 40 at 1). In her objection, Johnson relies on 18 U.S.C. § 3401(b), which states that "a magistrate judge may not proceed to try the case unless the defendant . . . expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and

sentencing by a district judge." Johnson argues that she never consented to have her case adjudicated before a magistrate judge. However, Section 3401(b) only applies when a defendant is charged in a criminal case with a misdemeanor. This Court relies on 28 U.S.C. § 636(b)(1)(B), which authorizes the Court to designate a magistrate judge to issue a memorandum and recommendation on a motion for summary judgment.

### 2. Failure to adjudicate all pending motions

Johnson next objects to the failure of the magistrate judge to properly adjudicate and refer to all of Johnson's complaints and motions. (Doc. No. 35 at 2). Johnson states that the M&R fails to acknowledge the "Motion for Summary Judgment Affidavit and Memorandum of Law," (Doc. No. 16-3). The Court finds that the magistrate judge thoroughly addressed each of the arguments discussed in the motion, even though the magistrate judge does not explicitly refer to the motion in the M&R's introductory paragraph. (Doc. No. 34 at 6-12). The Court also finds that the magistrate judge addressed all pending motions brought by Johnson, including the motions that were denied as moot.

### 3. Improper Dismissal of Evidence

Johnson also alleges that the magistrate judge improperly dismissed "[Johnson's] and her witness's account of the Vocational Expert's [("VE")] subjective testimony." (Doc. No. 35 at 3). In Johnson's hearing, the ALJ asked the VE whether jobs existed in the national economy for an individual with claimant's age, education, work experience, and RFC to perform light and sedentary work. (R. 19). The VE testified that Johnson would be able to perform the requirements of a storage facility rental clerk, library clerk, charge account clerk, and surveillance system monitor. (R.19). The magistrate judge affirmed the ALJ's decision that

Johnson could perform light or sedentary work and that there are jobs in the national economy to which she is suited, such as those mentioned by the VE. (Doc. No. 34 at 14).

This Court's duty is not "to reweigh evidence that has been weighed already not only by the ALJ but also by the magistrate judge." Eason v. Astrue, No. 2:07cv30-FL, 2008 U.S. Dist. LEXIS 66820, at *10 (E.D.N.C. Aug. 29, 2008). The Court finds that there is substantial evidence to support the ALJ's finding with respect to the VE's testimony about available jobs and therefore, the ALJ's decision in this respect is upheld.

Johnson also alleges that the magistrate judge improperly dismissed "[Johnson's] and her witness's account of the numerous improprieties and misconduct of the ALJ at the hearing." (Doc. No. 35 at 2). The magistrate judge concluded that the ALJ did not restrict cross-examination and there is no evidence that the ALJ was biased. (Doc. No. 34 at 11-12). In her objection, Johnson fails to provide any evidence of bias by the ALJ. The Court finds that the ALJ conducted a fair and impartial hearing.

### 4. Improper Dismissal of the Improper Recording of Hearing Allegation

Johnson objects to the magistrate judge's improper dismissal of the allegation that the recording of the hearing failed to capture certain testimony. (Doc. No. 35 at 3). However, the transcript has been certified as a full and accurate transcript. (Doc. No. 34 at 6; R. 247). Thus, this Court finds that the magistrate was correct in dismissing Johnson's claim that testimony was excluded from the record.

### 5. Improper Classification of Evidence as Cumulative

Johnson asserts that the magistrate judge erred in classifying evidence as cumulative evidence. (Doc. No. 35 at 4). Johnson argues that the Commissioner did not accept relevant

evidence into the record after the ALJ hearing, thus requiring remand, and/or that the district court should consider the subsequent evidence. (Doc. No. 34 at 6). "[T]o merit a remand on the basis of newly discovered evidence: (1) the evidence must be new; (2) it must be material; and (3) there must be 'good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Fagg v. Chater, No. 95-2097, 1997 U.S. App. LEXIS 1749, at *4 (4th Cir. Feb. 3, 1997) (quoting 42 U.S.C. § 405(g)). In order to demonstrate that the evidence is new, Johnson must show that the evidence is not merely cumulative. Id. at *4-5.

Johnson submitted over fifty documents attached to her first Motion for Summary Judgment, including two letters from Dr. Hill-Erskine. (Doc. No. 34 at 7). The magistrate judge concluded that the Dr. Hill-Erskine letter, dated September 7, 2007 (Doc. No. 16-9, Ex. F at 2), "represents 'merely cumulative' evidence because the record contains previous medical records from Dr. Hill-Erskine addressing the same physical conditions." (Doc. No. 34 at 7). After reviewing the record and the various medical records submitted from Dr. Hill-Erskine (R. 160, 165-67, 195), the Court finds that the magistrate judge was correct in concluding that the September 7, 2007 letter by Dr. Hill-Erskine is merely cumulative evidence.

6. Failure to Recognize and Review the Entire Record and Case Law

Johnson "objects" that the magistrate judge ignored Johnson's substantive claims by a show of overwhelming favor for the defendant. (Doc. Nos. 35 at 5-6; 40 at 2). However, Johnson fails to support her objection with a single example or with any relevant legal authority. The Court finds that the magistrate judge properly reviewed the evidence that supported the ALJ's decision.

6

### 7. Improper Dismissal of Moot Motions

Johnson objects to the magistrate judge's decision to deny as moot pending motions that were not referred to the judge. (Doc. No. 40 at 3). The magistrate judge denied as moot Johnson's Motion to Strike (Doc. No. 18) and Motion for Default Judgment (Doc. No. 25) after granting the defendant's Motion for Summary Judgment (Doc. No. 34 at 15). Because granting the defendant's Motion for Summary Judgment results in a dismissal of the case, this Court upholds the magistrate's decision to deny as moot any pending motions.

### 8. Failure to Apply Proper Legal Standards

Johnson objects that the Social Security Commission and the magistrate judge applied the wrong legal standard. (Doc. No. 40 at 8). As Johnson correctly notes, "a reversal with remand to the [Commissioner] is warranted where the ALJ has failed to apply the correct legal standards." Smith v. Astrue, No. 7:07cv314, 2008 U.S. Dist. LEXIS 64182, at *7-8 (W.D.V.A. Aug. 21, 2008) (quoting Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993)); see Midkiff v. Astrue, No. 1:06-cv-417, 2008 U.S. Dist. LEXIS 12738, at *10 n.6 (M.D.N.C. Feb. 19, 2008) (explaining that remand is allowed when a district court reverses the Commissioner's decision). Johnson argues that the ALJ failed to apply "proper legal standards" without explaining which standards were violated or how they were violated. After reviewing the ALJ's decision, the Court finds that the ALJ applied the proper legal standards when determining whether Johnson qualifies for disability. The Court also finds that there is no evidence to suggest that the magistrate judge applied the incorrect legal standard when reviewing the decision of the ALJ.

### 9. Failure to Apply Legal Precedent

Several times, Johnson cites to legal authority without explaining its relevance. (Doc. No. 40 at 5-7). Even though "district courts [are] to construe pro se complaints liberally[,] . . . courts [are not required] to conjure up questions never squarely presented to them. District judges are not mind readers." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "Judges are not like pigs hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Even with the liberal review accorded pro se pleadings, truffle hunting will not be attempted.

However, in her second set of objections, Johnson attempts to compare her case with Howard v. Commissioner of Social Security, 276 F.3d 235 (6th Cir. 2002). (Doc. No. 40 at 8-10). In Howard, the Sixth Circuit reversed the decision of the district court upholding the Commissioner's findings because the ALJ's conclusion that the claimant could perform other work was not supported by substantial evidence. 276 F.3d at 241. In Howard, the court reviewed the ALJ's description of the claimant's residual functioning capacity ("RFC"). Id. at 239-41. The court held that the RFC does not accurately describe the claimant's abilities because the ALJ's selective inclusion of only portions of an intake report suggest that the ALJ only considered part of the report in formulating his conclusion. Id. at 240.

In Johnson's hearing, the ALJ considered multiple sources of evidence to determine the RFC, including the claimant's testimony, the opinions of treating physicians, the medical reports, and the claimant's prescriptions for medication. (R. 17-18). The ALJ "considered all symptoms and the extent to which the[] symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence." (R. 18). Unlike Howard, there is no evidence

8

suggesting that the ALJ attempted to exclude "portions which showed [claimant] in a less-than-capable light." 276 F.3d at 240.

Howard is inapposite for another reason. There, the court held that the hypothetical question posed to the VE failed to accurately describe the claimant's physical and mental impairments. Id. at 241. Thus, the ALJ improperly relied upon the testimony in his decision to deny disability benefits. Id.

Nothing of the sort occurred in Johnson's hearing. The ALJ asked the VE a hypothetical question concerning available jobs given claimant's age, education, work experience, and physical and mental impairments. (R. 239). The impairments listed were degenerative disc disease, chronic low back pain, and depression. (R. 239). Unlike Howard, the hypothetical question posed to the VE about Johnson included all of Johnson's ailments. Thus, the ALJ properly relied upon the answer given by the VE to the hypothetical question.

### 10. Incorrect Residual Functioning Capacity

Johnson "objects" to the ALJ's conclusion that she has a RFC to perform light and sedentary work. She argues that it contradicts the ALJ's finding that she suffers from numerous severe impairments. (Doc. No. 35 at 6-7). Johnson misunderstands the five-step sequential evaluation process for determining whether an individual is disabled. This inquiry asks:

> whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520)).

Before reaching step four, the ALJ must determine the residual functioning capacity ("RFC") of the claimant. 20 C.F.R. § 404.1545(a)(5). The RFC is "a measurement of the most a claimant can do despite his limitations." Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ must consider all relevant evidence of claimant's impairments, including the impairments that are not severe. 20 C.F.R. § 404.1545(a)(2). The ALJ uses the RFC in steps four and five of the analysis.

In Johnson's hearing, the ALJ determined that Johnson had not engaged in substantial gainful activity and that Johnson had a combination of severe medical impairments. (R. 20). However, her impairments were not severe enough to equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20). Next, the ALJ evaluated evidence about Johnson's maximum remaining ability to do sustained work activities. Based on the evidence, the ALJ concluded that Johnson retained the RFC to perform a significant range of light and sedentary work. (R. 20). As discussed above, the ALJ considered all of Johnson's symptoms along with the objective medical evidence and opinion evidence. (R. 18). Although Johnson has various severe impairments, the Court uphold's the ALJ's determination that Johnson retained the RFC to perform a significant range of light and sedentary work.

Finally, this Court dismisses several of Johnson's objections that are patently frivolous.[1]

---

[1] Johnson "objects" to the magistrate judge's criticism that the plaintiff's inclusion of numerous exhibits was burdensome. (Doc. No. 35 at 4). Johnson objects to the magistrate judge's "premature" decision to deny some of the motions as moot, stating that this decision constitutes prejudice and judicial indiscretion. (Doc. No. 35 at 4-5). Johnson also complains about the length of time that the magistrate used to issued the M&R without explaining how this constitutes a legal objection. (Doc. No. 40 at 5-6).

## III. CONCLUSION

The magistrate judge thoroughly addressed each and every argument from the plaintiff's two Motions for Summary Judgment. Accordingly, after a careful review of the record in this case, the Court finds that the magistrate judge's findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law. Thus, the Court hereby accepts the M&R of Magistrate Judge Keesler and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED** that:

1. the plaintiff's Motions for Summary Judgment are **DENIED**;

2. the defendant's Motion for Summary Judgment is **GRANTED**;

3. all remaining motions are **DENIED** as **MOOT** and

3. the plaintiff's case against the defendant is **DISMISSED**.

Signed: October 2, 2008

Robert J. Conrad, Jr.
Chief United States District Judge